## Walter Fisher, by Mary Fisher, his Next Friend, v. The Nubian Iron Enamel Company.

1. BURDEN OF PROOF—*As to Negligence.*—In an action for personal injuries alleged to be the result of negligence on the part of the defendant, the burden of proving such negligence is upon the plaintiff.

2. NOTICE—*Of Defects—Hearsay Evidence.*—In an action for personal injuries, alleged to be the result of a defective window, etc., it is error to allow the plaintiff to testify that after the accident the foreman of the company said that he told the president of the company, a week before the accident, that the window was broken and ought to be fixed.

3. MINORS—*Duty of Employer to Instruct.*—When a child of fourteen years is employed to work in a dangerous place it is the duty of the employer to instruct and warn him of all dangers incident to his employment.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

Woodruff, Wilcox & Gettys, attorneys for appellant.

J. T. Hanna, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

This action was to recover for personal injuries suffered by the appellant from being burned by the explosion of gases in the kettle room, so-called, constituting a part of the factory of appellee, wherein he was put at work under the direction of appellee's foreman. At the conclusion of appellant's case the court, on motion of appellee, instructed the jury to find the appellee not guilty, which was done, and judgment entered accordingly.

The so-called kettle room is described as a little one-story building across an open court about ten feet wide, which separated it from a three-story building, the second story of which was occupied by the appellee in its business, and the first story of which was occupied by other parties engaged in manufacturing picture frames.

The entrance to the kettle room was through a door opening from the court, and directly opposite the door and across the court there was a low window, which opened upon the court from the picture frame factory, from which window there was a pane of glass broken out of one of the lower corners of the bottom sash.

In the kettle room substances were boiled together to make the varnish or enamel manufactured by appellee.

During the boiling process, suffocating and highly inflammable gases were generated, which, first settling along the floor, gradually rose and became diffused throughout the entire room, and extended into and impregnated the open air outside of the building, so that whoever might work in the kettle room would be required to refresh himself from the effects of these gases by frequent, or at least occasional, withdrawals to where the air was purer.

The appellant was sent by the foreman to go into the kettle room to dip this boiling substance from the kettles into a tank prepared for the purpose of receiving it. He

had been cautioned by the foreman, and knew that no light could be used in the room with safety.

On the day of the accident the appellant was sent to work in the kettle room, as above stated. He testified that after working there a few minutes, he went "to the door to get my (his) breath, and was standing there a second, and noticed the light in this window. I no sooner saw the light than there came a flash, and I was knocked down."

The light referred to was a lamp which a man in the picture frame factory set down at the broken window.

The proof shows that appellant was badly burned.

The appellant was only fourteen years of age at the time of the accident, hence it was necessary that he should have been fully informed of the dangers incident to his employment, and fully cautioned concerning them, and it appears clearly, from his own testimony, that he had been thus fully informed and cautioned, and that he understood the warnings and cautions given him. It was quite natural, however, that he should not understand the peril that existed from the broken window across the court.

If it had been made to appear that the appellee, or its officers, knew of the broken glass before the accident, the case for consideration would have been quite different from what it is in the absence of proof on that subject. The only evidence on that point was the testimony of appellant and his mother, to the effect that the foreman already spoken of, who was the brother of appellant, said to them, after the accident, that he ought not to have allowed appellant to go to the kettle room while that window remained in a broken condition, and that he had told Mr. Bonnell, the president of appellee, a week before, that the window was broken and ought to be fixed.

That testimony was clearly incompetent, and should not have been allowed.

Omitting consideration of it, however, as the court below must have done, there is no evidence that the condition of the window was known to the appellee.

The appellant himself knew the window was broken, and

testified that he had, at a previous time, talked through it with a person inside, but owing to his youth, the doctrine of contributory negligence probably should not apply where the danger from the window was so little apparent.

We think the judgment must be affirmed.